464 P.2d 846

**Richard E. HELM, Plaintiff and Appellant,**

**v.**

**Evan H. CARROLL and Winifred L. Carroll, his wife; LeGrande J. Heaton and Audree W. Heaton, his wife; and American Savings and Loan Association, a corporation, Defendants and Respondents.**

**No. 11505.**

Supreme Court of Utah.

Jan. 26, 1970.

Wendell C. Day, Murray, Harry D. Pugsley, Salt Lake City, for plaintiff and appellant.

Allen M. Swan, Salt Lake City, for defendants and respondents.

**6**

ELLETT, Justice:

The plaintiff sued to quiet title to a narrow strip of land on the south side of Big Cottonwood Creek, which strip he claims was a part of a larger tract of land deeded to his predecessor in interest nearly a hundred years ago. The north call of his land was along the center of the creek. He and his predecessors in interest, hereinafter referred to as Helms, have paid taxes on the land up to the center of the creek. He also claims that they have been in open, adverse, and notorious possession of the land to the center of the creek at all times, and particularly from 1919 to 1966.

The defendants claim that they and their predecessors in interest, hereinafter referred to as Goltz, have been in possession of a narrow strip of land on the south side of Big Cottonwood Creek and that they own the fee thereto by reason of a deed given a half century ago, and by further reason of a decree in a quiet title action obtained by default in 1919 wherein Goltz was plaintiff and Helms and others were defendants.

The deed to Goltz covered a tract of land lying mainly on the north of Big Cottonwood Creek but was described by metes and bounds so as to include the narrow strip of land on the south side of the creek which is the subject of this lawsuit. No reference is made in the Goltz deed to the creek as a natural monument or otherwise. How-

ever, the call for the south boundary of the Goltz land was "north 78° east 42 rods."

The county assessor has taxed the Goltz land by metes and bounds, apparently ignorant of the location of the creek upon the ground, and so both parties have paid taxes upon the disputed strip of land.

In the complaint of the quiet title action referred to above, Goltz alleged that he was the owner in fee simple, in possession, and entitled to the possession of the land described by metes and bounds which now appears to include the disputed strip. He specifically set out in detail the claims of the three defendants in his complaint as follows: The first defendant claims a strip of ground on the east side of the Goltz land 42 rods long and .63 of a rod in width; the second defendant holds a mortgage on the land which has long since been paid; and the Helms claim an interest in a strip of land on the north side of Big Cottonwood Creek .4 of a rod wide and 42 rods long. All of the defendants defaulted, ostensibly because they made no claim contrary to the specific allegations in the complaint. The court thereupon found that Goltz was the owner in fee simple of all the land described in the complaint and that neither of the defendants mentioned in the complaint had any right, title or interest in or to said real estate or any part or portion thereof.

The court then decreed that the plaintiff have judgment as prayed for in his com-

plaint, and in addition separately decreed that the mortgage was to be cancelled; that the .63 of a rod by 42 rods area was quieted in plaintiff; and that Helms had no interest, right or title in and to a strip of land .4 of 1 rod in width and 42 rods more or less in length as described in division (b) of paragraph numbered 3 of the complaint. That description commenced at a specified point "running thence south .4 of 1 rod to the center of Big Cottonwood Creek; thence north 78° east 42 rods, more or less, along the center of said Big Cottonwood Creek; thence north .4 of 1 rod; thence south 78° west 42 rods, more or less, to the place of beginning."

It is noteworthy that in the complaint both the south boundary of land which Goltz said he owned and the south boundary of the strip to which he said the Helms claimed an interest had the call of "north 78° east 42 rods" and that the south boundary of the narrow strip was alleged to be along the center of Big Cottonwood Creek. If Goltz claimed any land on the south side of the creek, why would he have specifically quieted title to the land on the north side and only to the center of the creek?

In the present case there was a dispute in the evidence as to the use which has been made by the parties to the land south of the creek. However, it is clear that the present defendants in 1964 or 1965 tore down an old fence immediately on the north side of the creek and used the old posts to start a fence along the south line of the strip of land the ownership of which is now in question. It appears to us that by the overwhelming weight of the evidence the present plaintiff and his predecessors in interest have been in continuous occupation and use of the disputed land since before statehood.

The trial court held that by the 1919 decree the land in dispute was awarded to Goltz and that the matter is res adjudicata as to the rights of the present parties.

We do not think this holding is correct. While it is true that the 1919 decree stated that the then plaintiff was the owner in fee to his described land, we think the specificity of his complaint in asking for the quieting of title to the strip of land on the north side of the creek and to the center thereof conclusively shows that he only claimed that his land only extended to the center of the stream. Had he made any claim to ownership of land on the south side of the creek, he would not have limited his action against the Helms to the strip of land from the center of the stream .4 of a rod northward. If he thought his metes and bounds description included land south of the creek, he most certainly would have listed that land as a matter to be determined along with title to the .4 of a rod which he specifically stated in his complaint. It seems obvious that the creek was the boundary line between the Goltz land on the north and the

Helm land on the south and that as of 1919 the owners thereof so regarded it.

The judgment of the trial court is reversed with directions to the trial court to take further evidence and to quiet title in plaintiff to so much of the strip of land which lies south of the center of Big Cottonwood Creek as it flowed in 1919. Costs are awarded to the appellant.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ., concur.